**FILED**

Jul 22 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ armincortez    DEPUTY

KIMBERLINA ALEXA LEA
2505 ANTHEM VILLAGE DRIVE E 305
HENDERSON, NV 89052
725-296-7609
KIMBERLINA.LEA777@GMAIL.COM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLINA ALEXA LEA<br><br>      Plaintiff,<br><br>vs.<br><br>DANTE PRIDE, STEPHANIE WHITE, THE PRIDE LAW FIRM<br><br>      Defendant | Case No.: **'24CV1253 BEN VET**<br><br>COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CIVIL RIGHTS VIOLATIONS<br><br>1) LEGAL MALPRATICE (NEGLIGENCE)<br>2) BREACH OF FIDUCIARY DUTY<br>3) INTENTIONAL INFLICTION OF EOTIONAL DISTRESS (IIED)<br>4) VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 |

July 17, 2024.

## I. INTRODUCTION

1. Plaintiff, Kimberlina Alexa Lea, brings this complaint against Defendants Dante Pride, Stephanie White, and The Pride Law Firm for negligence, breach of fiduciary duty, intentional infliction of emotional distress, and violations of civil rights under 42 U.S.C. § 1983.

## II. PARTIES

2. Plaintiff, Kimberlina Alexa Lea is an individual residing in 2505 ANTHEM VILLAGE DR E 305, HENDERSON, NV 89052

3. Defendant, Dante Pride, is an attorney licensed to practice in California, residing at 2831 Camino del Rio S #104, San Diego, CA 92108.

4. Defendant, Stephanie Pride, is an employee of The Pride Law Firm, residing at 2831 Camino del Rio S #104, San Diego, CA 92108.

5. Defendant, The Pride Law Firm, is a law firm located at 2831 Camino del Rio S #104, San Diego, CA 92108.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000, and the parties are citizens of different states. Jurisdiction is also proper under 28 U.S.C. § 1331 for federal questions involving 42 U.S.C. § 1983.

7. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this district, and Defendants are residents of this district.

## IV. FACTUAL ALLEGATIONS

8. On August 28, 2020, Plaintiff contacted Dante Pride and his assistant Stephanie White regarding the wrongful death of Plaintiff's father, Richard Price on July 9, 2020.

9. Defendant Dante Pride agreed to represent Plaintiff and stated that Plaintiff would not need to pay until a win was achieved.

10. Plaintiff provided all necessary witness lists and information to Defendants and was informed that a claim had to be filed with the state by January 9, 2021.

11. On January 8, 2021, Defendants allegedly filed the claim electronically, but it was improperly filed in Plaintiff's father's name and contained inaccuracies.

12. On June 7, 2024, Judge Montenegro dismissed Plaintiff's causes of action due to the improperly filed claim.

13. Defendants failed to investigate the case properly, did not contact key witnesses, and did not obtain essential evidence.

COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CIVIL RIGHTS VIOLATIONS1) LEGAL MALPRATICE (NEGLIGENCE)2) BREACH OF FIDUCIARY DUTY3) INTENTIONAL INFLICTION OF EOTIONAL DISTRESS (IIED)4) VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - 2

14. On April 13, 2021, Dante Pride informed Plaintiff that he could no longer represent the case, citing a lack of confidence in winning.

15. Despite promising to assist in preparing a complaint against the defense, Defendant Pride provided a substandard complaint, leading to further dismissals of Plaintiff's causes of action.

16. Plaintiff has suffered significant emotional distress, financial loss, and deprivation of justice due to Defendants' negligence, breach of fiduciary duty, and intentional infliction of emotional distress.

## V. CAUSES OF ACTION

### Count 1: Legal Malpractice (Negligence)

17. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

18. Defendants owed a duty to Plaintiff to exercise the skill, prudence, and diligence commonly exercised by competent attorneys.

19. Defendants breached this duty by failing to file the claim correctly, failing to investigate the case adequately, and providing substandard legal documents.

20. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including the dismissal of valid causes of action and financial and emotional distress.

### Count 2: Breach of Fiduciary Duty

21. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

22. Defendants, as Plaintiff's legal representatives, owed Plaintiff a fiduciary duty to act in Plaintiff's best interests with the utmost care, loyalty, and honesty.

COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CIVIL RIGHTS VIOLATIONS1) LEGAL MALPRATICE (NEGLIGENCE)2) BREACH OF FIDUCIARY DUTY3) INTENTIONAL INFLICTION OF EOTIONAL DISTRESS (IIED)4) VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - 3

23. Defendants breached this fiduciary duty by failing to properly handle Plaintiff's legal matters, resulting in significant harm to Plaintiff.

24. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered damages.

## Count 3: Intentional Infliction of Emotional Distress (IIED)

25. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

26. Defendants' conduct in handling Plaintiff's case was extreme and outrageous, exceeding all bounds of decency.

27. Defendants intended to cause, or acted with reckless disregard of the probability of causing, emotional distress to Plaintiff.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress.

## Count 4: Violation of Civil Rights under 42 U.S.C. § 1983

29. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

30. Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States.

31. Defendants' actions, including the improper filing of the state claim and the inadequate handling of Plaintiff's case, resulted in the deprivation of Plaintiff's civil rights to due process and equal protection under the law.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CIVIL RIGHTS VIOLATIONS1) LEGAL MALPRATICE (NEGLIGENCE)2) BREACH OF FIDUCIARY DUTY3) INTENTIONAL INFLICTION OF EOTIONAL DISTRESS (IIED)4) VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - 4

## VI. DAMAGES

33. Plaintiff demands judgment against Defendants for compensatory damages in the amount of $1,000,000 for negligence, breach of fiduciary duty, emotional distress, and violation of civil rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Compensatory damages in the amount of $1,000,000;

B. Attorneys' fees and costs of suit incurred herein;

C. Any other and further relief that the Court deems just and proper.

**VIII. DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: Wednesday, July 17, 2024

Respectfully submitted,

Kimberlina Alexa Lea

COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CIVIL RIGHTS VIOLATIONS1) LEGAL MALPRATICE (NEGLIGENCE)2) BREACH OF FIDUCIARY DUTY3) INTENTIONAL INFLICTION OF EOTIONAL DISTRESS (IIED)4) VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - 5