Caitlin M. Jones, Esq., SBN 321206
Chloe McDonald, Esq. SBN 364831
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: cjones@petttitkohn.com
cmcdonald@pettitkohn.com

Attorney for Defendants
**DANTE PRIDE and THE PRIDE LAW FIRM**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLINA ALEXA LEA,<br>Plaintiff,<br>v.<br>DANTE PRIDE; STEPHANIE WHITE; THE PRIDE LAW FIRM,<br>Defendants. | CASE NO.: 3:24-cv-01253-DMS-VET<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DANTE PRIDE AND THE PRIDE LAW FIRM'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**Date: February 20, 2026**<br>**Time:1:30 PM**<br>Courtroom: 13A<br>District Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Valerie E. Torres<br>Complaint Filed: July 22, 2024<br>Trial Date: Not yet set |

Defendants DANTE PRIDE and THE PRIDE LAW FIRM ("Defendants"), through their attorneys of record, Pettit Kohn Ingrassia Lutz & Dolin PC, and pursuant to Federal Rule of Civil Procedure 12(c), hereby submit the following Memorandum of Points and Authorities in support of their Motion for Judgment on the Pleadings.

## I.

## INTRODUCTION

Plaintiff initiated this action on July 22, 2024, alleging claims for legal malpractice based on Defendants' brief representation of Plaintiff **more than three**

**years earlier**. The Complaint asserts four causes of action: (1) legal malpractice; (2) breach of fiduciary duty; (3) intentional infliction of emotional distress; and (4) a civil rights claim under 42 U.S.C. § 1983. This Court has already dismissed the third and fourth causes of action, leaving only Plaintiff's claims for legal malpractice and breach of fiduciary duty. (ECF No. 4.)

As pleaded, Plaintiff's remaining claims are barred by the one-year statute of limitations applicable to claims raised by clients against their lawyers. The Complaint asserts that Defendants' representation undisputedly concluded no later than April 2021. Plaintiff's alleged injury occurred no later than the federal court's initial dismissal of her claims in the underlying action on June 28, 2023. Plaintiff's Complaint affirmatively alleges facts demonstrating that the conduct giving rise to the claims occurred outside the statutory limitations period and fails to allege any facts supporting tolling, delayed discovery, or continuous representation. Accordingly, the time bar is apparent on the face of the pleadings and from matters subject to judicial notice, requiring judgment in favor of Defendants.

## II.

## FACTUAL BACKGROUND

### A. The Underlying Representation and Claim

According to the Complaint, on or about August 28, 2020, Plaintiff contacted Defendants regarding potential representation arising from the death of her father, who was killed by San Diego Police Officers on July 9, 2020. (Plaintiff's Complaint, (hereinafter "Complaint"), ¶8.) Plaintiff and Defendants subsequently entered into an agreement where Defendants would represent Plaintiff in said matter. (Complaint, ¶9.)

On or about January 8, 2021, Defendants filed a government claim with the City of San Diego seeking damages related to Plaintiff's father's death. (*Id.*, ¶ 11.) Plaintiff now alleges that the claim was defective. (*Ibid.*)

///

Plaintiff alleges that by April 13, 2021, Defendants had advised Plaintiff that they would no longer represent her in the matter. (Complaint, ¶14.) Plaintiff did not retain new counsel and instead elected to proceed *in propria persona*, filing her own civil action against the City of San Diego and involved police officers. (*Id*., ¶15; *see also* Defs. Request for Judicial Notice ("RJN"), **Ex. A**: complaint filed by Plaintiff in *Kimberlina Lea v. City of San Diego*, No. 3:22-cv-01581-RBM-WVG (S.D. Cal. filed Oct. 13, 2022).)

On June 28, 2023, the court granted the City of San Diego's motion to dismiss. (RJN **Ex. B**: Order Granting Motion to Dismiss, *Kimberlina Lea v. City of San Diego*, No. 3:22-cv-01581-RBM-WVG.) While the dismissal was without prejudice, the ruling placed Plaintiff on notice of the alleged defect forming the basis of the present claim: the court ruled that Plaintiff failed to comply with the California Government Claims Act and failed to state a claim as to her remaining causes of action. (*Id.*)

**B. The Present Action**

On July 22, 2024 – more than three years after Defendants terminated their representation of Plaintiff and more than one year after the Court dismissed the underlying case – Plaintiff filed this action alleging legal malpractice and breach of fiduciary duty. (*See* Complaint, ¶1.) Plaintiff alleges that Defendants filed an inaccurate government claim, failed to investigate the case, to contact key witnesses, and to obtain essential evidence. (Complaint, ¶¶11-13.) Plaintiff further alleges that Defendants abandoned their promise of assistance after terminating the representation in April of 2021. (Complaint, ¶¶14-15.)

Plaintiff, of course, knew of the alleged abandonment the same day it occurred as pleaded in the Complaint: April 13, 2021. Plaintiff was on notice of any alleged defects in the underlying complaint, or alleged missteps in Defendants' representation, when Defendants terminated the representation and certainly no later than June 28, 2023, when the court dismissed Plaintiff's underlying action. Both of

these dates are more than one year before Plaintiff filed the present Complaint and thus render her claim time-barred.

## III.

## STATUTORY AUTHORITY

Rule 12(c) of the Federal Rules of Civil Procedure applies here. (*Imation Corp. v. Koninklijke Philips Electronics N.V.,* 586 F.3d 980, 984 (Fed. Cir. 2009) ("In reviewing a grant of judgment on the pleadings, this court applies the procedural law of the regional circuit.") Fed. R. Civ. P. 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard for determining a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss: a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053, 1055 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).)

On a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989). A judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that "no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id*. Although a court generally may not consider evidence outside the pleadings in reviewing a Rule 12(c) motion, it may properly consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice". *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 989, amended on other grounds, 275 F.3d 1187 (9th Cir. 2001).

///

## IV.

## ARGUMENT

### A. Plaintiff's First Cause of Action for Legal Malpractice is Barred by the Statute of Limitations

Under California law, a claim for legal malpractice must be brought within one year after the Plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful or act or omission, or four years from the date of the wrongful act or omission, **whichever occurs first**. (Cal. Code Civ. Proc. § 340.6(a).) Here, the one-year statute of limitations is applicable and Plaintiff's claims are legally insufficient because they are barred by the statute of limitations. *Rouse v. Abernethy*, U.S. Dist. LEXIS 208878, at *4 (N.D. Cal. Nov. 17, 2022) quoting *Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations [in the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . .")

A malpractice claim accrues once the client suffers "any appreciable and actual harm" as a consequence of the attorney's negligence. *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 18 Cal.4th 739, 750–51 (1998). Actual injury does not require a fully realized or quantifiable monetary loss. *Id*. Rather, it includes the "impairment or diminution, as well as the total loss or extinction, of a right or remedy". *Id*. at 750. Once actual injury occurs, "neither difficulty in proving damages nor uncertainty as to their amount tolls the limitation period." *Id.* at 752, 754. Courts must examine accrual based on the particular facts alleged and the specific wrongful acts or omissions asserted. See *Theranos, Inc. v. Fuisz Pharma LLC*, 876 F.Supp.2d 1123, 1133 (N.D. Cal. 2012).

Cal. Code Civ. Proc. § 340.6(a)(2) tolls the one-year limitations period only while the attorney continues to represent the client regarding the same specific subject matter that gave rise to the alleged malpractice. Cal. Code Civ. Proc. § 340.6(a)(2). This "continuous representation" exception ends when the client no

longer reasonably expects further legal services. *Selene Fin. LP v. Cty. of Sacramento*, 2023 U.S. Dist. LEXIS 182115, at *12–13 (E.D. Cal. Oct. 6, 2023) quoting *Hensley v. Caietti,* 13 Cal.App.4th 1165, 1170 (Ct. App.1993). The standard is objective and focuses on the client's reasonable understanding that the attorney-client relationship has concluded. See *id.*

1. Plaintiff's Claims Accrued When the Allegedly Defective Pleading Was Filed and Were Tolled During Continuing Representation

Plaintiff's claims are now barred by the statute of limitations because, by her own allegations, she was aware, or at a minimum should have been aware through reasonable diligence, of her alleged malpractice claim on April 13, 2021. Plaintiff alleges that Defendants negligently filed an improperly pleaded government claim on January 8, 2021, and, on other unspecified dates, failed to investigate her claims, contact key witnesses, and obtain essential evidence. (Complaint ¶¶ 11–13; RJN **Exhibit D**; See Second Amended Complaint ¶ 8.)

Any tolling based on continuous representation indisputably ended no later than April 2021, when Defendants expressly terminated their representation in the underlying case. Plaintiff alleges no facts suggesting continued representation beyond that date; to the contrary, her own pleading confirms that the termination was clear, unequivocal, and final. (Complaint, ¶14.) Accordingly, the statute of limitations began running on January 8, 2021, but was tolled until April 13, 2021, when Plaintiff alleges she suffered actual injury, and expired on April 13, 2022, more than two years before Plaintiff filed this action.

Plaintiff's own allegations further establish that if she suffered any injury, it occurred well outside the limitations period. Plaintiff alleges she was harmed because Defendants provided a "substandard complaint" and "substandard legal documents," which she contends ultimately resulted in the dismissal of her claims. (Complaint ¶¶ 15, 19.) She further alleges that Defendants ceased representing her after promising continued assistance, leaving her to proceed on her own using those allegedly

deficient materials. (Complaint ¶ 15.) That alleged withdrawal and broken promise itself constitutes actual injury of which Plaintiff became aware upon withdrawal. Furthermore, because Plaintiff thereafter proceeded with her own action, she was aware, or at the very least should have been aware, of the alleged negligence and resulting harm at that time.

Under *Jordache v. Brobeck, Phleger & Harrison*, the impairment or loss of a plaintiff's legal rights or litigation position constitutes actual injury sufficient to trigger accrual of a legal malpractice claim. *Jordache*, 18 Cal.4th 739, 750–51. A plaintiff need not allege the payment of attorney's fees or an ultimate adverse judgment on the merits; the loss of a viable claim, remedy, or litigation advantage is sufficient. *Id.*; *Adams v. Paul*, 11 Cal.4th 583, 589-590 (1995). By Plaintiff's own allegations, such injury occurred when Defendants allegedly withdrew and left her with purportedly deficient legal work, well before the limitations period expired.

2. The Statute of Limitations Began Running No Later than June 28, 2023, When the First Motion to Dismiss was Granted.

Plaintiff may argue she did not appreciate the extent of the harm until her case was terminated. However, even assuming Plaintiff did not suffer actual harm by her allegation of proceeding *in propria persona* upon an allegedly defective complaint without adequate investigation, the statute of limitations began to run no later than June 28, 2023, when the court dismissed her action for failure to comply with the Government Claims Act and for untimely presentation of a claim to the City of San Diego. (*See* RJN **Ex. B**.) Although the motion to dismiss was granted without prejudice and gave her leave to amend, the court expressly noted the failure to comply with statutory prerequisites. The court made it clear that this procedural lenience was afforded because Plaintiff was proceeding in pro se and provided contradictory information about her compliance with the Government Claims Act, not because the failure to comply with the Government Claims Act was necessarily curable. (RJN **Ex. B** ("Plaintiff is cautioned that any amendment to her claims for battery,

intentional infliction of emotional distress, and wrongful death must plausibly allege Plaintiff's compliance with the Government Claims Act.")) A ruling that claims are untimely and barred by statutory prerequisites constitutes an adverse legal determination that impairs the claim itself even if the court allows further pleadings as a matter of grace.

Plaintiff was unquestionably aware of the alleged injury at that time. California courts have repeatedly held that accrual does not depend on the exhaustion of reconsideration, amendment or appealed remedies. *Safine v. Sinnott*, 15 Cal.App.4th 614, 617-618 (Ct. App. 1993) ("Rather, the point is that the attorney's negligence placed the client in a position where he found it necessary to seek relief, whether through application to the trial court, as here, or through an appeal.") Actual injury occurs when the client's legal rights and remedies are impaired. *Jordache*, 18 Cal.4th 739, 750–51. The alleged injury was the Defendants' abandonment of Plaintiff in April 2021 and the subsequent dismissal of her claims in June 2023. (Complaint ¶ 15.)

**B. Plaintiff's Second Cause of Action for Breach of Fiduciary Duty is Barred by the Statute of Limitations**

Plaintiff's breach of fiduciary duty claim is based on the same nucleus of facts as the malpractice claim and is therefore subject to the same statute of limitations analysis. Where a breach of fiduciary duty claim arises from alleged professional negligence by an attorney, courts apply the statute of limitations set forth in Cal. Code Civ. Proc. § 340.6. *Hahn v. Rothman*, 2010 U.S. Dist. LEXIS 149005, at *16 n.6 (C.D. Cal. Jan. 11, 2010) ("The operative statute governing claims for legal malpractice and, concomitantly, breaches of fiduciary duty, is Cal. Code Civ. P. § 340.6(a)").) *Quintilliani v. Mannerino*, 62 Cal.App.4th 54, 68 (Ct. App. 1998) ("Since most claims for breach of fiduciary obligations can be restated as a claim for attorney malpractice, and since the fiduciary obligations here arose out of the attorney-client relationship, we find that section 340.6 applies to such claims.");

*Levin v. Graham & James*, 37 Cal.App.4th 798, 805 (Ct. App. 1995) ("In all cases other than actual fraud, whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary duty, the one-year statutory period applies.").

Here, Plaintiff's breach of fiduciary duty claim is expressly based on the malpractice claim, namely out of Defendants' purported failure to "properly handle Plaintiff's legal matters". (Complaint ¶ 23.) Plaintiff does not allege any independent fiduciary misconduct, fraud, or concealment apart from the alleged professional negligence. Because Plaintiff's breach of fiduciary duty claim is wholly derivative of the malpractice allegations, it accrues at the same time, is governed by the same limitations period, and is subject to the same tolling analysis. As the pleadings and judicially noticeable facts already discussed above establish that the malpractice claim is untimely, the breach of fiduciary duty claim necessarily fails for the same reason and must be dismissed as a matter of law.

## VI.

## CONCLUSION

Defendants' motion for judgment on the pleadings should be granted because both asserted causes of action, legal malpractice and breach of fiduciary duty, are barred by the statute of limitations under California Code of Civil Procedure Section 340.6.

Respectfully submitted,

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: January 22, 2026 By: ______________________

Caitlin M. Jones, Esq.
Chloe McDonald, Esq.
Attorney for Defendants
**DANTE PRIDE and THE PRIDE LAW FIRM**
cjones@pettitkohn.com
cmdonald@pettitkohn.com

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DANTE PRIDE AND THE PRIDE LAW FIRM'S MOTION FOR JUDGMENT ON THE PLEADINGS**

was served on this date to counsel of record:

[ ] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[**X**] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Kimberlina Alexa Lea
2505 Anthem Village Drive E 305
Henderson, NV 89052
Tel: 725-296-7609
Email: kimberlina.lea777@gmail.com
**Plaintiff in Pro Per**

Executed on January 22, 2026, at San Diego, California.

Kenny Diep