**KIMBERLINA ALEXA LEA, PRO SE**
**2505 ANTHEM VILLAGE DR E-305**
**HENDERSON, NV 89052**
**725-295-7609**
**KIMBERLINA.LEA777@GMAIL.COM**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIMBERLINA ALEXA LEA, PRO SE**<br><br>**Plaintiff,**<br><br>vs.<br><br>DANTE PRIDE; THE PRIDE LAW FIRM; and DOES 1-10,<br><br>**Defendants.** | **Case No.:** 24-cv-01253-DMS-BJW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**NO ORAL AGRUMENT UNLESS ORDERED BY THE COURT**<br><br>**JUDGE: THE HONORABLE DANA M. SABRAW**<br><br>**DATE: MARCH 13, 2026** |

Plaintiff Kimberlina Alexa Lea, appearing pro se, respectfully opposes Defendants' Motion for Judgment on the Pleadings.

## I. INTRODUCTION

Defendants seek judgment on the pleadings based on a statute-of-limitations defense that is not established on the face of the pleadings. Their motion depends on disputed assumptions about when Plaintiff discovered the wrongful act or omission, when Plaintiff sustained actual injury, and whether Defendants' involvement in the same subject matter had actually ended. Those issues are factual and are not properly resolved on a Rule 12(c) motion.

This case arises from Defendants' negligent handling of Plaintiff's wrongful death matter, including waiting until the eve of the government-claim deadline to submit a claim, submitting that claim in Plaintiff's deceased father's name instead of Plaintiff's name, failing to adequately investigate the matter, failing to develop facts supporting the state-law allegations, and then later admitting the filing error while claiming the defect should not matter. Defendants' own communications show that by January 23, 2023, Defendant Dante Pride knew the claim had been submitted in the wrong name and admitted that "the claim was mistakenly made in your father's name." He also wrote that he believed the claim was still viable under a "substantial compliance" theory and offered to prepare the argument regarding the claim form. Those communications defeat Defendants' attempt to frame the limitations issue as clear and undisputed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "**After the pleadings are closed—but early enough not to delay triala party may move for judgment on the pleadings." If matters outside the pleadings are presented and not excluded, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(c), (d).**

A statute-of-limitations defense warrants dismissal at the pleading stage only when the bar is clear on the face of the complaint. Where accrual, discovery, tolling, or injury depend on disputed facts, judgment on the pleadings is improper.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGSNO ORAL AGRUMENT UNLESS ORDERED BY THE COURTJUDGE: THE HONORABLE DANA M. SABRAWDATE: MARCH 13, 2026 - 2

## III. GOVERNING LAW

**California Code of Civil Procedure section 340.6(a) provides that an action against an attorney for a wrongful act or omission arising in the performance of professional services must be commenced within one year after the plaintiff discovers, or through reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or within four years from the date of the wrongful act or omission, whichever occurs first**. The statute is tolled while, among other things, "The plaintiff has not sustained actual injury" and while "The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." **Code Civ. Proc. § 340.6(a)(1), (2).**

**California Government Code section 911.2(a) required presentation of a claim relating to death not later than six months after accrual. Plaintiff's father died on July 9, 2020, so Plaintiff alleges the government claim deadline was January 9, 2021. The State Bar letter summarizes Plaintiff's complaint the same way and states that Plaintiff reported Mr. Pride "waited to submit the claim a day before it was due." Gov. Code § 911.2(a).** :

## IV. ARGUMENT

### A. Defendants have not established a limitations bar on the face of the pleadings.

Defendants' motion oversimplifies the timeline. The underlying filing error may have occurred when the government claim was submitted, but the operative question **under Code of Civil Procedure section 340.6 is when Plaintiff discovered, or through reasonable diligence should have discovered, the facts constituting the wrongful act or omission, and whether tolling applies. That inquiry is factual.**

Plaintiff's position is not merely that an omission occurred in 2021. Plaintiff's position is that Defendants later confirmed and admitted the error in 2023, after the problem had surfaced in the underlying litigation. **On January 23, 2023,** Pride wrote to Plaintiff: **"You are correct. The claim was mistakenly made in your father's name."** In the same email, he apologized, stated he believed the claim was still viable under **"substantial compliance,"** and said the federal claims remained viable even if the state claims were challenged.

Those statements matter. They show that Pride was not telling Plaintiff, "Yes, the error destroyed your case and you must immediately sue me." He was saying, in substance, that the mistake existed but that it should not be fatal because the claim might still survive. A reasonable client, especially a pro se litigant relying on the attorney who handled the matter, would not necessarily conclude from that communication that she had already suffered a complete and actionable malpractice injury. At minimum, discovery and actual injury are factual questions that cannot be resolved against Plaintiff on a Rule 12(c) motion. Code Civ. Proc. § 340.6(a)(1), (2).

**B. Defendants' own communications support Plaintiff's theory that the issue was still unfolding in 2022 and 2023.**

The record Plaintiff submitted reflects continued communications regarding the same underlying matter after the period when Defendants now claim everything had ended. In September 2022, when Plaintiff reminded Pride that he had said he would help with the complaint, Pride responded, "Let's chat tomorrow." In October 2022, Pride requested Plaintiff's original pleading, sent Plaintiff a complaint to update, and invited questions.

Then, on January 23, 2023, after the claim-form problem surfaced, Pride expressly admitted the claim had been filed in Plaintiff's father's name and stated that he believed the defect could be addressed under substantial compliance. He also wrote that the federal claim remained viable even if the state claims were not.

These communications undercut Defendants' effort to turn the limitations issue into a clean pleading-stage bar. At minimum, they support a plausible inference that discovery, injury, and the extent of continued assistance on the same subject matter remained fact-bound questions.

**C. Plaintiff alleges the negligence was not limited to a typo; it included last-minute filing, failure to investigate, and failure to properly support the state claims.**

Plaintiff's allegations are broader than a single name omission. Plaintiff alleges that Defendants waited until the eve of the government-claim deadline to file, failed to contact witnesses, failed to obtain and develop evidence, failed to gather critical materials, and failed to provide sufficient facts to support the state-law allegations that later became vulnerable to dismissal. The State Bar letter summarizes Plaintiff's report that Mr. Pride failed to request evidence, contact witnesses, and obtain your father's items, and that Plaintiff reported the claim was filed one day before the deadline and in the wrong name.

Plaintiff further alleges that these failures were material because Defendants took the case after reviewing the videos and represented, they could fight it, but then failed to perform the due

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGSNO ORAL AGRUMENT UNLESS ORDERED BY THE COURTJUDGE: THE HONORABLE DANA M. SABRAWDATE: MARCH 13, 2026 - 5

diligence necessary to support the claims. Those allegations are sufficient to defeat judgment on the pleadings where Defendants ask the Court to draw contrary inferences in their favor.

**D. The State Bar letter does not defeat Plaintiff's malpractice claims.**

Defendants should not be permitted to blur the distinction between attorney discipline and civil malpractice liability. The State Bar letter expressly states that the complaint process concerns whether there is sufficient evidence of disciplinable misconduct and explains that "Mistakes and errors in judgment, or simple negligence, however, do not rise to the level of disciplinable conduct." It then states the Bar was closing the misconduct complaint because the evidence did not support disciplinable misconduct.

That is not a finding that no malpractice occurred. To the contrary, the State Bar letter acknowledges there may be negligence yet still no basis for professional discipline. The issues are different. A disciplinary closure is not a civil adjudication of malpractice, causation, or damages. If Defendants are relying on the State Bar letter, it does not establish that Plaintiff lacks a malpractice claim; at most it shows the Bar did not pursue disciplinary charges.

**E. Plaintiff's allegations concerning Gary Leasure and the City's contact further show factual disputes that cannot be resolved on the pleadings.**

Plaintiff alleges that by January 23, 2023 she had spoken with Gary and understood the claim defect was jeopardizing the state claims. In her January 23, 2023 email, Plaintiff wrote: "I'll be

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGSNO ORAL AGRUMENT UNLESS ORDERED BY THE COURTJUDGE: THE HONORABLE DANA M. SABRAWDATE: MARCH 13, 2026 - 6

honest I couldn't even get others to help because they said the claim would be the issue," and "I spoke to Gary today."

To the extent Plaintiff can further allege or testify that City counsel or Gary Leasure contacted Pride or his office about the defective claim, those facts would create an even stronger factual dispute regarding Defendants' knowledge, notice, and the reasonableness of Plaintiff's discovery. Even without that additional detail, the current record already shows a factual dispute, not a pleading-stage certainty.

**F. At minimum, Plaintiff should be granted leave to amend.**

Even if the Court finds the current pleading does not contain enough detail regarding discovery, actual injury, continued representation, or tolling, dismissal with prejudice would be improper. Plaintiff can amend to allege additional facts, including:

1. the July 9, 2020 death date and the January 9, 2021 government-claim deadline;

2. Defendants' decision to submit the claim only one day before the deadline;

3. the filing of the claim in Plaintiff's deceased father's name instead of Plaintiff's name;

4. Defendants' later admissions in January 2023 that the claim "was mistakenly made" in the wrong name;

5. Pride's statement that he believed the claim was still viable under substantial compliance and that the federal claims remained viable;

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGSNO ORAL AGRUMENT UNLESS ORDERED BY THE COURTJUDGE: THE HONORABLE DANA M. SABRAWDATE: MARCH 13, 2026 - 7

6. the September and October 2022 communications showing continued assistance regarding the same matter;

7. Plaintiff's reliance on those statements and the fact that Plaintiff did not immediately understand that she had sustained complete malpractice injury because Defendants were still minimizing the impact and suggesting the issue could be fought; and

8. the distinction between State Bar misconduct review and civil malpractice liability.

Because Rule 12(c) does not permit the Court to resolve these factual disputes against Plaintiff on the pleadings, the motion should be denied. At a minimum, Plaintiff should be granted leave to amend.

**V. CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings should be denied. In the alternative, if the Court concludes that additional detail is required regarding discovery, injury, tolling, or continued representation, Plaintiff respectfully requests leave to amend.

Dated: March 13, 2026

Respectfully submitted,

KIMBERLINA ALEXA LEA

Plaintiff, Pro Se

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGSNO ORAL AGRUMENT UNLESS ORDERED BY THE COURTJUDGE: THE HONORABLE DANA M. SABRAWDATE: MARCH 13, 2026 - 8