Caitlin M. Jones, Esq., SBN 321206
Chloe McDonald, Esq. SBN 364831
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: cjones@petttitkohn.com
        cmcdonald@pettitkohn.com

Attorney for Defendants
**DANTE PRIDE, and**
**THE PRIDE LAW FIRM**

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLINA ALEXA LEA<br><br>Plaintiff,<br><br>v.<br><br>DANTE PRIDE; STEPHANIE WHITE; THE PRIDE LAW FIRM,<br><br>Defendants. | CASE NO.: 3:24-cv-01253-DMS-BJW<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Courtroom:    13A<br>District Judge:    Dana M. Sabraw<br>Magistrate Judge: Brian J. White<br>Complaint Filed: July 22, 2024<br>Trial Date:    May 3, 2027 |

**I.**

## INTRODUCTION

Plaintiff's opposition admits and proves that her claims are time-barred: Plaintiff admits in her opposition that by January 23, 2023, after speaking with Defendants and Opposing Counsel in the underlying case, Gary Leasure, she "understood the claim defect was jeopardizing the state claims." In other words, Plaintiff's opposition establishes that Plaintiff understood the impact of the alleged claim defect, which forms the basis of *this* case, no later than January 23, 2023. Plaintiff did not file this complaint until July 22, 2024, more than one year later. Plaintiff's claim is time-barred and no reframing of the facts can overcome that bar.

1

2098-1001

## II.

## ARGUMENT

### A. The Court Should Decline to Convert This Motion and Exclude Plaintiff's Extraneous Materials.

Plaintiff argues that Defendants' motion should be denied because the statute of limitations presents "fact-bound questions" that cannot be resolved at this stage. (Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings ("Opp.") at 3-5, ECF No. 26.) Plaintiff is wrong. Plaintiff pleads a claim that is plainly and obviously time-barred, and the statutory bar appears on the face of the complaint. Plaintiff attempts to sidestep the pleading-stage standard by relying on materials outside the pleadings. The Court should reject that effort. This is not a summary judgment motion, and it should not be converted into one.

Here, the Court's review is limited to the pleadings, matters subject to judicial notice, and documents incorporated by reference. *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n.18 (9th Cir. 1999); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Although a court has discretion to convert a Rule 12(c) or a Rule 12(b)(6) motion into a summary judgment motion, it may do so only if all parties are given a "reasonable opportunity to present all material that is pertinent." Fed. R. Civ. P. 12(d). That protection applies to all parties. Allowing a party to unilaterally introduce materials outside the record at the pleading stage would circumvent the procedural safeguards of Rule 12(d) and should be prevented.

Furthermore, courts generally disfavor the conversion to summary judgment in the early stages of litigation. *Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr.,* 2007 U.S. Dist. LEXIS 30565, at *7 n.4 (E.D. Cal. Apr. 25, 2007) citing *Rubert-Torres v. Hosp. San Pablo, Inc.,* 205 F.3d 472, 476 (1st Cir. 2000). Where additional factual development is needed or where conversion would prejudice a party, courts instead exclude the extraneous materials and decide the motion under

///

Rule 12. See *Century Sur. Co. v. Master Design Drywall, Inc.*, 2009 U.S. Dist. LEXIS 97621 at *5 (S.D. Cal. Oct. 21, 2009).

That is exactly the situation here. The parties have not engaged in meaningful discovery. Defendants have had no opportunity to develop or present a factual record. In fact, Defendants' Motion relies solely on the pleadings, including Defendants' previously asserted statute of limitations affirmative defense and matters properly subject to judicial notice, and does not depend on any extrinsic evidence. Conversion now would be highly prejudicial as it would force Defendants into summary judgment posture without time for proper discovery, without notice, and without a fair opportunity to present evidence.

Plaintiff's Opposition underscores the problem. Plaintiff submits a plethora of emails, text messages, and bar complaint materials, none of which fall within the limited categories the Court may consider on a Rule 12(c) motion. These materials are not incorporated by reference in the Complaint, not subject to judicial notice, and thus not properly before the Court. Rather, the materials are incomplete, immaterial, and as they are offered mostly to prove liability questions, irrelevant to the matters at issue in this motion.

Therefore, the Court should decline to convert this motion and exclude Plaintiff's extraneous materials from consideration.

**B. Plaintiff Pleads Herself out of Court.**

When a complaint shows on its face that a claim is time-barred, the Plaintiff must plead specific facts that establish either delayed accrual or tolling exception. See *Eidson v. Medtronic, Inc.,* 981 F.Supp.2d 868, 893 (N.D. Cal. 2013) citing *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797 (Cal. 2005). Plaintiff's Complaint contains no such facts to support a later statute of limitations date.

1. The Complaint Establishes the Claims are Time-Barred.

Even accepting every allegation in Plaintiff's Complaint as true, Plaintiff's claims are untimely. Plaintiff claims that Defendants' representation was negligent

2098-1001

3

due to the omissions and wrongfully named state government claim. Plaintiff further alleges that Defendants' representation ended in April of 2021 when Defendants expressly informed her, they would no longer represent her case. (Plaintiff's Complaint ("Compl.") ¶ 14, ECF No. 1.) By June 28, 2023, the court dismissed a claim which she attributes to Defendants' purported lack of adequate investigation, wrong name filed and termination of the relationship. (See Defendants' Motion for Judgment on the Pleadings at 3, ECF No. 19.) At the latest, June 28, 2023, is when Plaintiff indisputably had notice of the alleged wrongdoing.

Under California Code of Civil Procedure section 340.6, Plaintiff had one year from that date to file suit. She did not. Instead, Plaintiff filed this action more than one year after June 28, 2023, and more than three years after the Defendants ended representation in 2021. These dates are dispositive as they foreclose her claims as a matter of law.

Accordingly, as pleaded, the Complaint fails to state a viable claim, and judgment on the pleadings is proper.

2. Plaintiff Admits She was Aware of the Alleged Injury by January 23, 2023.

Plaintiff's Opposition defeats her own claims. As set forth both in her Opposition and in her declaration, Plaintiff admits that Defendants allegedly acknowledged the purported "error" in an email dated January 23, 2023, after the issue resurfaced during the litigation, and that she understood the claim defect was "jeopardizing the state claims." (Opp. at 4, 6; see Declaration of Kimberlina Alexa Lea in Support of Opposition ¶ 2.) This admission alone is sufficient to trigger the running of the statute of limitations.

The Ninth Circuit has held that statements of fact made in a brief filed in the same case may, in the court's discretion, constitute binding judicial admissions. *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 227 (9th Cir. 1988). Likewise, declarations made under penalty of perjury may be treated as judicial

admissions. *In re Paris*, 568 B.R. 810, 820 (Bankr. C.D. Cal. 2017); *Naylor v. Flavan,* 2009 U.S. Dist. LEXIS 132295, at *12 (C.D. Cal. Apr. 7, 2009). By Plaintiff's own admission, her claim is time-barred.

Plaintiff attempts to avoid this result by arguing she was not yet aware of a "complete and actionable malpractice injury." (Opp. at 4.) However, knowledge of a complete and actionable malpractice injury is not necessary. Awareness of a claim does not hinge on a plaintiff's knowledge of the full extent of resulting harm, nor does accrual depend on whether future events may affect the permanency of the injury or the amount of damages eventually incurred. See *Foxborough v. Van Atta*, 26 Cal.App.4th 217, 227 (Cal. App. 1994); *Croucier v. Chavos*, 207 Cal.App.4th 1138, 1148 (Cal. App. 2012). The statute begins to run even if the plaintiff does not yet know all resulting harm so long as an actual injury was noticeable. *Croucier,* Cal.App.4th at 1148.

Additionally, Defendants' subjective awareness or mindset is not relevant. Whether the Defendants believed they made an error or that any defect was fatal to the claim is immaterial if Plaintiff has awareness of said error. Instead, the relevant inquiry is Plaintiff's awareness or what she reasonably could have been discovered through the investigation of sources open to her, even if she was unaware of specific facts necessary to establish the claim. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109; 1111 (Cal. 1988).

That standard is easily met here. Plaintiff admits that on January 23, 2023, she understood the claim defect was "jeopardizing the state claims". (Opp. at 6.) In other words, she knew her case had been harmed. Even though Plaintiff may not have had awareness of the full scope of the damage, she admits awareness of a problem affecting her claims, more than one year before filing this action.

3. <u>Plaintiff Alleges No Facts Extending Accrual Beyond January 23, 2023.</u>

Plaintiff concedes she was aware of the relevant events yet argues her claim is timely because those events were "still unfolding" through 2022 and 2023. (Opp.

2098-1001

DEFS' REPLY TO PLTF'S OPPO TO DEFS' MTN FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:24-CV-01253-DMS-BJW

at 4-5.) However, ongoing developments do not delay accrual once the plaintiff is already on notice of the injury and its alleged negligent cause.

The Complaint is clear, in April of 2021, Defendants informed Plaintiff they would no longer represent her due to a lack of confidence in the case. (Compl. ¶ 14.) Plaintiff alleges no continued representation after that point and instead proceeded to file the underlying suit on her own. She now attempts to rely on alleged "conversations" with Defendants to revive her claim, but Plaintiff cannot avoid the statute of limitations by contradicting her own Complaint.

Even assuming that the Court were to consider the alleged communication between the parties and other matters outside the pleadings, which Defendants maintain it should not, those allegations do nothing to salvage Plaintiff's claim. None of the purported events or conversations occurred after January of 2023. At most, the allegations concern facts that might be relevant, if at all, to the elements of negligence or breach of fiduciary duty, which are not at issue here. Critically, however, every such allegation predates January 23, 2023. The timeline is neither ambiguous nor ongoing; it conclusively places all alleged conduct outside the applicable limitations period.

Accordingly, even under Plaintiff's own version of events, the operative facts establish that the claim accrued, at the latest, before January 23, 2023. The claim is therefore untimely as a matter of law.

C. **Plaintiff's New Allegations are Irrelevant to the Statute of Limitations Issue.**

Plaintiff's remaining arguments prematurely address issues of Defendants' liability, not timeliness, and therefore have no bearing at this stage. Plaintiff contends that her negligence theory extends beyond a single naming error and thus defeats judgment on the pleadings. (Opp. at 5–6.) However, the additional alleged acts, including failure to investigate, failure to contact "key witnesses", failure to obtain "essential evidence, and termination of representation, all arose prior to

2098-1001

January 23, 2023, and stem from the same representation, the dismissal of her causes of action and resulting financial and emotional distress. (Compl. ¶¶ 13, 16, 19–20, 22–23.) Moreover, these allegations instead go to breach and causation elements, not to whether the statute of limitations has expired.

Plaintiff's reliance on the State Bar letter is similarly misplaced. Plaintiff argues that the letter does not defeat her claim because professional discipline and malpractice liability involve differing standards. (Opp. at 6.) That argument misses the point. The dispositive issue is not whether Defendants committed malpractice, but whether Plaintiff's claims are timely. Besides, neither the Complaint nor Defendants' motion mentions on the State Bar letter. Even if the letter is considered in this motion, the letter further demonstrates that Plaintiff was aware of a potential claim more than one year before filing this action. Either way, the State Bar claim does not alter the statute of limitations analysis or salvage Plaintiff's untimely claims.

Finally, Plaintiff's allegations concerning communications with Gary Leasure, opposing counsel in the underlying case, on January 23, 2023, further confirm that her claims are time-barred. Plaintiff alleges that on that date she spoke with Gary and "understood the defect was jeopardizing the state claims." (Opp. at 6.) Whether counsel also contacted Defendants is immaterial. The relevant inquiry is Plaintiff's knowledge, not Defendants'. See *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d at 1110-11.

Thus, Plaintiff's allegations regarding other negligent acts, the State Bar letter, and conversations with Gary Leasure, counsel for the Defendant in the underlying case, are, at best, irrelevant to the issue before the Court. At worst for Plaintiff, they further cement the timeline demonstrating that she was aware of the alleged wrongdoing and harm by January 23, 2023, yet waited more than one year to file this action. Her claim is therefore time-barred.

///

**D. Leave to Amend Would be Futile.**

Leave to amend should be denied where the amendment would be futile and where the deficiency cannot be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

No amendment could cure the fundamental defect in Plaintiff's Complaint, it is time-barred. Amendment cannot alter the operative dates giving rise to Plaintiff's claims or otherwise revive claims that are barred by the applicable statute of limitations. Even Plaintiff's proposed additional allegations do not remedy this deficiency but in fact prove that by January 23, 2023, Plaintiff was aware of harm to her underlying claim that she attributes to Defendants. Therefore, as the limitations period has expired, any amendment cannot revive Plaintiff's claims.

**III.**

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings without leave to amend.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated:  March 27, 2026          By: _Chloe McDonald_

Caitlin M. Jones, Esq.
Chloe McDonald, Esq.
Attorney for Defendants
**DANTE PRIDE and**
**THE PRIDE LAW FIRM**
cjones@pettitkohn.com
cmcdonald@pettitkohn.com

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

- **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

was served on this date to counsel of record:

[ ]   **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY ELECTRONIC TRANSMISSION:**  I electronically f7iled the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

| | |
|---|---|
| Kimberlina Alexa Lea<br>2505 Anthem Village Drive E 305<br>Henderson, NV 89052<br>Tel: 725-296-7609<br>Email: kimberlina.lea777@gmail.com<br>**Plaintiff in Pro Per** | |

Executed on March 27, 2026, at San Diego, California.

Kenny Diep

2098-1001