**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KIMBERLINA ALEXA LEA,

Plaintiff,

v.

DANTE PRIDE et al.,

Defendants.

Case No.:  24-cv-01253-DMS-BJW

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Pending before the Court is Defendants' Motion for Judgment on the Pleadings ("Motion") and Request for Judicial Notice.  (ECF Nos. 19, 19-1; Req. for Judicial Notice ("RJN"), ECF No. 19-3).  In response to the Motion, Plaintiff filed an opposition and Defendants filed a reply.  (Opp'n, ECF No. 26; Reply, ECF No. 27).  For the following reasons, Defendants' Motion is granted.

## I.    BACKGROUND

Plaintiff Kimberlina Alexa Lea, proceeding *pro se*, brings California-law legal malpractice and breach of fiduciary duty claims against Defendants Dante Pride and The Pride Law Firm.  (Compl., ECF No. 1; *see* ECF No. 4 (dismissing 28 U.S.C. § 1983 claim and Intentional Infliction of Emotional Distress ("IIED") claim); Answer, ECF No. 16 ¶ 4

1

(noting that Stephanie White was never served and is no longer a party to the action)).[1]

Plaintiff states that on August 28, 2020, she reached out to Defendants about a wrongful death claim related to her father, Richard Price, who she alleges was killed by San Diego police officers on July 9, 2020.  (Compl. ¶ 8; RJN Ex. A at 1).[2]  Plaintiff alleges that Defendants agreed to the representation and subsequently informed her that a claim would need to be filed with the state by January 9, 2021.  (Compl. ¶¶ 9–10).  According to Plaintiff, the claim was filed on January 8, 2021, "but it was improperly filed in Plaintiff's father's name and contained inaccuracies."  (*Id.* ¶ 11).  Plaintiff asserts that "Defendants failed to investigate the case properly, did not contact key witnesses, and did not obtain essential evidence."  (*Id.* ¶ 13).  On April 13, 2021, Defendant Pride allegedly told Plaintiff that "he could no longer represent the case, citing a lack of confidence in winning."  (*Id.* ¶ 14).  On October 13, 2022, Plaintiff, proceeding *pro se*, filed a federal lawsuit against the City and its officers.  (RJN Ex. B at 1); *see Lea v. City of San Diego*, No. 3:22-cv-01581-RBM-VET (S.D. Cal. filed Oct. 13, 2022).  Plaintiff alleges that the complaint against the

---

[1] The Court retains subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.  (Compl. ¶¶ 2, 3, 5, 6).

[2] Defendants request that the Court take judicial notice of two filings from Plaintiff's prior lawsuit against the City of San Diego ("the City") and various police officers.  (RJN, ECF No. 19-3 (attaching 3:22-cv-01581 complaint as Exhibit A and June 28, 2023 order as Exhibit B)).  Under Rule of Evidence 201, courts may take judicial notice of adjudicative facts which are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a)–(c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").  "In particular, a court may take judicial notice of its own records in other cases . . . ."  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation modified)).  As the prior case is directly related to the matter at hand, Defendants' request is granted.  The Court additionally takes *sua sponte* judicial notice of the First Amended Complaint, July 31, 2023 Letter, March 6, 2024 order, March 14, 2025 order, and April 9, 2025 order in the underlying case.  (3:22-cv-01581 ECF Nos. 23, 25, 35, 76, 78); *see* Fed. R. Evid. 201(c) ("The court . . . may take judicial notice on its own . . . .").  Although the Court takes judicial notice of these matters of public record, it does not "take judicial notice of disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

24-cv-01253-DMS-BJW

City was provided by Defendant Pride after the representation ended but was "substandard . . . leading to further dismissals of Plaintiff's causes of action." (Compl. ¶ 15). The first of those dismissals occurred on June 28, 2023, when Judge Ruth Bermudez Montenegro dismissed Plaintiff's *Monell* cause of action for failure to state a claim and her battery, IIED, and wrongful death claims for failure to comply with California's Government Claims Act. (RJN Ex. B at 4–7); Cal. Gov't Code §§ 810–996.6 (West 2026). The latter decision was based on timeliness as Plaintiff represented that she had filed a claim with the City on July 11, 2022, although the City argued it did not have a record of the claim and Plaintiff made no mention of the January 8, 2021 claim made in her father's name. (RJN Ex. B at 6–7; RJN Ex. A at 3–4). Plaintiff's excessive force claim was not challenged, and all other claims were dismissed with leave to amend. (RJN Ex. B at 3, 5, 7). On July 27, 2023, Plaintiff filed a First Amended Complaint which stated that the January 8, 2021 claim "was filed under Richard Lewis Price's name due to an error by Plaintiff's former attorney." (3:22-cv-01581 ECF No. 23). A few days later, Plaintiff filed a letter attaching a copy of the claim as well as correspondence from January 23, 2023 in which Plaintiff stated "You filed a claim UNDER MY DAD NAME, my dad is dead so he can not be claimant, you were supposed to put MY NAME" and Defendant Pride agreed that "The claim was mistakenly made in your father's name." (3:22-cv-01581 ECF No. 25 at 6–7). On March 6, 2024, Judge Montenegro dismissed Plaintiff's *Monell* claim with leave to amend and dismissed with prejudice Plaintiff's battery, IIED, and wrongful death/negligence claims brought on her own behalf. (3:22-cv-01581 ECF No. 35 at 11, 16–17). The court reasoned that as Plaintiff had not filed a claim with the City in her own name, any state-law claims brought on her own behalf could not satisfy the Government Claims Act requirements. (*Id.* at 13–17). However, the court noted that Plaintiff could pursue battery and negligence claims brought on behalf of her father. (*Id.* at 16–17).

On July 22, 2024, Plaintiff filed the present action and moved to proceed *IFP*. (ECF Nos. 1, 2). The Court granted *IFP* status and dismissed two of Plaintiff's claims, permitting her legal malpractice and breach of fiduciary duty claims to move forward. (ECF No. 4).

3

The underlying action was dismissed upon joint motion in March and April 2025. (3:22-cv-01581 ECF Nos. 76, 78). On December 31, 2025, Defendants filed an Answer. (ECF No. 16). On January 22, 2026, Defendants filed the present Motion for Judgment on the Pleadings. (ECF No. 19). The Court extended time for Plaintiff to respond and she filed an opposition on March 13, 2026. (ECF Nos. 24, 26). On March 27, 2026, Defendants filed a reply. (ECF No. 27). In the Motion, Defendants argue that Plaintiff's claims are barred by California's one-year statute of limitations for legal malpractice. (Mot., ECF No. 19-2 at 5); *see* Cal. Civ. Proc. Code § 340.6(a) (West 2026). Plaintiff contends that questions of when she discovered the wrongful act or omission, when the actual injury was sustained, and when Defendants' involvement in the matter ended are questions of fact not properly resolved on a Rule 12(c) motion. (Opp'n at 1). The Court now turns to Defendants' Motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In reviewing such a motion, the court takes "the allegations in the non-moving party's pleadings as true" and "construe[s] them in the light most favorable to the non-moving party." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, the court "is not required to accept as true a legal conclusion couched as a factual allegation," nor any "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citation modified); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). In addition to the pleadings, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (citation modified). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as

24-cv-01253-DMS-BJW

a matter of law." *Fleming*, 581 F.3d at 925.  Additionally, *pro se* filings are construed "liberally [] to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation modified).

### III.   DISCUSSION

#### A. Section 340.6

Defendants argue that by the time Plaintiff filed her complaint on July 22, 2024, the statute of limitations had run.  (Mot. 3–4).  "To decide whether an action is time-barred under [the judgment on the pleadings] standard, [the Court] 'must determine whether the running of the statute is apparent on the face of the complaint.'" *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1233 (9th Cir. 2019) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *HIBU Inc. v. Plotkin Fin., Inc.*, 722 F. App'x 625, 626 (9th Cir. 2018) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." (citation modified)).[3]  Here, the Parties agree that the relevant statute of limitations is that of California Code of Civil Procedure section 340.6.  (Mot. 5; Opp'n 3).  Section 340.6 requires any "action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services [to] be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have

---

[3] Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); *Khoja*, 899 F.3d at 998 (explaining that there are exceptions for materials incorporated by reference or judicially noticed).  Plaintiff requests that the Court treat the Motion as one for summary judgment. (Opp'n 2).  Defendants counter that doing so would be highly prejudicial and "circumvent the procedural safeguards of Rule 12(d)."  (Reply 2–3).  As the running of the statute is apparent from the pleadings and judicially noticed documents, the Court excludes other matters and declines to convert the Motion. *See Critchlow v. Critchlow*, 617 F. App'x 664, 665–66 (9th Cir. 2015) (holding that where the court did not improperly consider judicially noticed court records "for the truth of the facts recited therein[,] . . . the court's decision to take judicial notice of these documents did not convert [the motions]" (citation modified)).

24-cv-01253-DMS-BJW

discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Civ. Proc. § 340.6(a). Any such period shall be tolled during the time that: the "plaintiff has not sustained actual injury"; the "attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred"; in the context of the four-year limitation, the attorney willfully conceals known facts constituting the wrongful act or omission; the "plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action"; or there is pending statutory arbitration concerning attorney fees or costs. *Id.* at (a)(1)–(5).

### 1. One-Year Limitation

The first question under section 340.6 is when Plaintiff "discover[ed], or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." *Id.* at (a). This type of inquiry notice exists if a plaintiff has "reason to at least suspect that a type of wrongdoing has injured them." *Genisman v. Carley*, 239 Cal. Rptr. 3d 780, 785 (Cal. Ct. App. 2018) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005)). The plaintiff "need not be aware of the specific 'facts' necessary to establish the claim," as long as they have "a suspicion of wrongdoing, and therefore an incentive to sue, [they] must decide whether to file suit or sit on [their] rights." *Id.* (quoting *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 35 Cal. Rptr. 3d 31, 51–52 (Cal. Ct. App. 2005)). Furthermore, "subjective suspicion is not required" if the plaintiff is "aware of facts which would make a reasonably prudent person suspicious." *Id.* at 786 (citation modified). Ultimately, "so long as a suspicion exists, it is clear that the plaintiff must go find the facts; [they] cannot wait for the facts to find [them]." *Id.* (citation modified).

Here, Plaintiff alleges that Defendants committed legal malpractice by "failing to file the claim correctly, failing to investigate the case adequately, and providing substandard legal documents." (Compl. ¶ 19). On January 23, 2023, Plaintiff told Defendant Pride that he had filed a claim under her father's name when he was supposed

24-cv-01253-DMS-BJW

to put it in her name.  (3:22-cv-01581 ECF No. 25 at 6).  Defendant Pride responded that the claim "was mistakenly made in your father's name." (*Id.* at 7).  Plaintiff responded further, stating "You never even looked at the evidence I had or called the witnesses." (*Id.* at 9).  She additionally wrote "On the form you or whomever your staff who prepared it did not put any of my information smh so that will support them in dismissing clauses 3-5, I have to respond to the motion and pay someone $1500 because of that mistake and I have to hope that they Judge Bermudez will grant me the chance to amend the complaint Because you rushed through it and did submit any allege [sic] facts to support the claims and because of the error of the claim that motion to dismiss them could go through." (*Id.* at 8).  The Court does "not take judicial notice of the truth of the factual assertions contained in the parties' correspondence with one another . . . , but only of the fact that the parties have *made* these [] representations." *Plaskett v. Wormuth*, 18 F.4th 1072, 1084 n.6 (9th Cir. 2021).  As both Parties have referenced the correspondence and neither has disputed its authenticity, it is "not subject to reasonable dispute." Fed. R. Civ. P. 201(b); *see id.*; (Opp'n 4; Pl.'s Decl., ECF No. 26-1 at 9; Reply 1).  The existence of these statements demonstrates that Plaintiff was aware of the facts underlying her claims no later than January 23, 2023.  Pursuant to section 340.6, the one-year limitation would expire no later than January 23, 2024, unless otherwise tolled.

### 2.  Four-Year Limitation

The second question under section 340.6 is when the wrongful acts or omissions occurred. Civ. Proc. § 340.6(a).  As previously discussed, Plaintiff alleges that Defendants failed to file the claim correctly, failed to investigate the case adequately, and provided a substandard complaint. (Compl. ¶ 19).  The allegedly defective claim was filed on January 8, 2021, and thus the four-year limitation would expire no later than January 8, 2025. (*Id.* ¶ 11).  Defendants' alleged failure to investigate the case would have occurred prior to the end of the representation on April 13, 2021, meaning the four-year limitation would expire no later than April 13, 2025. (*Id.* ¶ 14).  Plaintiff's final allegation is that Defendants provided a substandard complaint which was filed on October 13, 2022. (*Id.* ¶ 15; RJN

24-cv-01253-DMS-BJW

Ex. B at 1).  Although it is unclear when exactly the complaint was allegedly provided, the four-year limitation would expire no later than October 13, 2026.

Under section 340.6, whether the one-year or four-year limitations period applies depends on which occurs first.  Civ. Proc. § 340.6(a).  For all three allegations, the January 23, 2024 expiration date occurs before those in 2025 and 2026.  Thus, under section 340.6 the statute of limitations would have run by the time Plaintiff filed her complaint on July 22, 2024, unless it was otherwise tolled.

### 3.  Tolling

#### a.  Actual Injury

As previously discussed, section 340.6 contains several tolling provisions.  Civ. Proc. § 340.6(a)(1)–(5); *see Laird v. Blacker*, 828 P.2d 691, 698 (Cal. 1992) (confirming that tolling is expressly limited to the enumerated list in section 340.6).  The first of those provisions requires that the limitations period be tolled while the "plaintiff has not sustained actual injury."  *Id.* at (a)(1).  "The test for actual injury under section 340.6 . . . is whether the plaintiff has sustained any damages compensable in an action . . . against an attorney for a wrongful act or omission arising in the performance of professional services."  *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 958 P.2d 1062, 1071 (Cal. 1998).  This analysis is objective, requiring "only a factual analysis of the claimed error and its consequences," rather than subjective knowledge on behalf of the plaintiff or a prior "adjudication or settlement" confirming "a causal nexus between the attorney's error and the asserted injury."  *Truong v. Glasser*, 103 Cal. Rptr. 3d 811, 819 (Cal. Ct. App. 2009) (quoting *id.*); *Croucier v. Chavos*, 144 Cal. Rptr. 3d 180, 187 (Cal. Ct. App. 2012) ("Actual injury must be noticeable, but the language of the tolling provision does not require that it be noticed." (quoting *Foxborough v. Van Atta*, 31 Cal. Rptr. 2d 525, 530 (Cal. Ct. App. 1994))).  The critical factor is "the fact of damage, rather than the amount."  *Jordache*, 958 P.2d at 1071.  Thus while nominal damages cannot constitute actual injury, it does not matter whether "the client has yet to sustain all, or even the greater part, of the damages occasioned by [their] attorney's negligence; even if the client will encounter

24-cv-01253-DMS-BJW

difficulty in proving damages; and even if that damage might be mitigated or entirely eliminated in the future." *Shaoxing City Maolong Wuzhong Down Prods., Ltd. v. Keehn & Assocs., APC*, 190 Cal. Rptr. 3d 90, 94 (Cal. Ct. App. 2015) (citation modified) ("However, actual injury does not include speculative and contingent injuries that do not yet exist." (citation modified)). "Ordinarily, the client already has suffered damage when [they] discover[] the attorney's error." *Jordache*, 958 P.2d at 1065. Although "determining when actual injury occurred is predominantly a factual inquiry," courts may "resolve the matter as a question of law" when "the material facts are undisputed." *Id.* at 1071; *see Shaoxing*, 190 Cal. Rptr. 3d at 95.

Here, Plaintiff points to Defendant Pride's statements that her claim might still survive under the substantial compliance doctrine as evidence that a reasonable client would not have understood "that she had already suffered a complete and actionable malpractice injury." (Opp'n 4). However, "subjective belief is irrelevant to the question of whether actual injury has been sustained." *Shaoxing*, 190 Cal. Rptr. 3d at 95. Instead, the inquiry is focused on whether plaintiff could "bring a cause of action for damages from professional negligence." *Jordache*, 958 P.2d at 1071. Plaintiff further contends that whether and when she suffered actual injury are disputed factual questions that should not be resolved against her on a 12(c) motion. (Opp'n 4). Yet, Plaintiff has not identified any operative fact in dispute and as such, the Court may resolve the issue as a matter of law. *See Jordache*, 958 P.2d at 1071. The Court now turns to each of Plaintiff's allegations to determine when actual injury was sustained.

Plaintiff's first allegation is that Defendants improperly filed the government claim, resulting in "the dismissal of valid causes of action." (Compl. ¶¶ 11, 20). Actual injury occurs at the moment when a right or remedy is lost or diminished. *Jordache*, 958 P.2d at 1066. Thus, Plaintiff's actual injury occurred at the moment her right to sue the City was impacted by the failure to properly file a claim in her name. *See* Gov't § 945.4 (requiring that a claim be properly presented and acted on or deemed rejected prior to the filing of a suit for money or damages); *see Coble v. Ventura Cnty. Health Care Agency*, 288 Cal.

24-cv-01253-DMS-BJW

Rptr. 3d 431, 434 (Cal. Ct. App. 2021) ("Unless the one-year period is tolled, the public entity is powerless to grant relief if an application for leave to file a late claim was presented after the one-year deadline." (citation modified)); *see also Nelson v. County of Los Angeles*, 6 Cal. Rptr. 3d 650, 661 (Cal. Ct. App. 2003) ("Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another."). The deadline to file a "claim relating to a cause of action for death or for injury to person" is "six months after the accrual of the cause of action" and if a claim is not filed within that time, the deadline to seek leave to file a delayed claim is "within a reasonable time not to exceed one year after the accrual." Gov't §§ 911.2(a), 911.4(a)–(b); *see* Gov't § 901 (defining the date of accrual as that under the applicable statute of limitations); *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999) ("The general rule for defining the accrual of a cause of action sets the date as the time when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises." (citation modified)). As the accrual date for Plaintiff's causes of action was on or about July 9, 2020, when her father died, actual injury occurred on or about July 9, 2021, when Plaintiff could no longer seek leave to properly present a claim. (Compl. ¶¶ 8, 10). To the extent Plaintiff argues actual injury did not arise until her claims were dismissed in the underlying action, that argument is unavailing. (*See generally* 3:22-cv-01581 ECF No. 35). While the later dismissal may have confirmed the harm, "in missed statute cases, 'actual injury' for purposes of section 340.6 occurs when the client's cause of action is proscribed." *Finlayson v. Sanbrook*, 13 Cal. Rptr. 2d 406, 411 (Cal. Ct. App. 1992). Accordingly, Plaintiff's allegation that the claim was improperly filed was not tolled under section 340.6(a)(1).

Plaintiff's second allegation is that Defendants "failed to investigate the case properly, did not contact key witnesses, and did not obtain essential evidence." (Compl. ¶ 13). However, this does not supply a later injury date than the other allegations because the harm of an inadequate investigation becomes legally cognizable only through its effect on the client's claims. *Jordache*, 958 P.2d at 1070 ("Until the client suffers appreciable

harm as a consequence of the attorney's negligence, the client cannot establish a cause of action for malpractice." (citation modified)); *Budd v. Nixen*, 491 P.2d 433, 436 (Cal. 1971) ("If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort."). To the extent an inadequate investigation impaired Plaintiff's state-law claims, the actual injury occurred no later than July 9, 2021, the deadline for Plaintiff to seek leave to file a delayed claim. To the extent it weakened any other claims in the underlying action, that injury was realized no later than the June 28, 2023 dismissal. Plaintiff does not identify any other injury from a failure to investigate and none is apparent. *See Jordache*, 958 P.2d at 1071 ("The determination of actual injury requires only a factual analysis of the claimed error and its *consequences*." (emphasis added)). Thus, as with Plaintiff's other allegations, actual injury did not toll the limitations period.

Plaintiff's third allegation is that Defendants "provided a substandard complaint, leading to further dismissals of Plaintiff's cause of action." (Compl. ¶ 15). Taking this as true, actual injury occurred the first time Plaintiff faced the loss or diminution of her rights or remedies. *See Jordache*, 958 P.2d at 1066. This occurred when the court in the underlying action dismissed Plaintiff's claims on June 28, 2023. (*See* RJN Ex. B). Unlike the claim defect allegation in which Plaintiff's rights were lost by operation of law at the moment she was unable to apply to file a delayed claim, a deficient complaint would not produce a "legally cognizable" consequence until it was acted upon. *Jordache*, 958 P.2d at 1065. Furthermore, dismissal with leave to amend does not mean actual injury did not occur because it does not matter whether "the injury [was], in some way, remediable." *Jordache*, 958 P.2d at 1070, 1072 ("An existing injury is not contingent or speculative simply because future events may affect its permanency . . . ."). Therefore, even on Plaintiff's latest accruing theory, actual injury occurred no later than June 28, 2023, more than a year before she filed this action on July 22, 2024.

### b. Continuous Representation

The second tolling provision requires that the limitations period be tolled while the "attorney continues to represent the plaintiff regarding the specific subject matter in which

the alleged wrongful act or omission occurred." Civ. Proc. § 340.6(a)(2). "In deciding whether an attorney continues to represent a client, [courts] do not focus on the client's subjective beliefs; instead, [they] objectively examine evidence of an ongoing *mutual* relationship and of activities in furtherance of the relationship." *Shaoxing*, 190 Cal. Rptr. 3d at 95–96 (citation modified). "Where an attorney unilaterally withdraws or abandons his client, 'the representation ends when the client actually has or reasonably should have no expectation that the attorney will provide further legal services.'" *Id.* at 96 (quoting *Gonzalez v. Kalu*, 43 Cal. Rptr. 3d 866, 872 (Cal. Ct. App. 2006)). Here, both Parties acknowledge that Defendant Pride "informed Plaintiff that he could no longer represent the case" in April 2021. (Compl. ¶ 14; Answer ¶ 13). Even if Defendants allegedly providing Plaintiff with a complaint was interpreted as a continuation of the representation, that would have occurred more than a year before the filing of this action and would thus have no effect. Plaintiff has not alleged any facts suggesting that representation continued after January 23, 2023 and as such section 340.6(a)(2) does not toll the limitations period.

### c. Remaining Tolling Provisions

The third tolling provision of section 340.6 involves willful concealment by the attorney, but only applies to the four-year limitation and is therefore irrelevant here. Civ. Proc. § 340.6(a)(3).

The fourth tolling provision of section 340.6 applies when the "plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action." *Id.* at (a)(4). Plaintiff has not alleged such a disability within the meaning of the statute.

The fifth tolling provision of section 340.6 applies when there is pending statutory arbitration over disputed fees or costs, and is therefore immaterial here. Civ. Proc. § 340.6(a)(5).

### IV.    CONCLUSION AND ORDER

Both of Plaintiff's claims are untimely under section 340.6. Plaintiff discovered the facts underlying her claims no later than January 23, 2023, starting the one-year limitations period. Plaintiff had already sustained actual injury from the claim defect by the time of

24-cv-01253-DMS-BJW

discovery. Plaintiff's substandard complaint allegation was tolled until dismissal on June 28, 2023. None of the other tolling exceptions appear to apply. Thus, the limitations on Plaintiff's legal malpractice allegations accrued on January 23, 2023 and June 28, 2023 respectively, more than a year before Plaintiff filed her complaint in this action on July 22, 2024. As Plaintiff's breach of fiduciary duty cause of action "necessarily depend[s] on proof that an attorney violated a professional obligation in the course of providing professional services," the same time bar applies. *Lee v. Hanley*, 354 P.3d 334, 341 (Cal. 2015).

"Courts should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Spencer v. City of San Diego*, No. 23-cv-771-GPC-BLM, 2023 WL 7555311, at *3 (S.D. Cal. Nov. 14, 2023) (citation modified); Fed. R. Civ. P. 15(a) (courts should "freely give leave [to amend] when justice so requires"). Here, it is not absolutely clear that the timeliness defect could not be cured by amendment. Accordingly, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings and **DISMISSES** the Complaint without prejudice. Plaintiff may file a First Amended Complaint addressing the timeliness of her claims within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

24-cv-01253-DMS-BJW